# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ex rel. B.K. ENGINEERS & CONSTRUCTORS, INC.,** | : : : : | Civil Action No. 1:03-CV-2317 |
| **Plaintiff** | : : | (Judge Kane) |
| v. | : : | |
| **FEDERAL INSURANCE COMPANY,** | : : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

THE PROCEDURAL BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned action was commenced by complaint filed December 18, 2003. Defendant was served with a summons on July 1, 2004. (Doc. No. 4.) When, after more than five months had passed without Defendant Federal Insurance Company filing an to answer the complaint, entering an appearance, assisting in the preparation of a joint case management plan, or communicating in any way with the Court regarding any negotiations or other discussions with Plaintiff regarding this dispute, Plaintiff moved this Court to enter default against Defendant. On November 22, 2003, the Clerk of Court entered default and the Court entered judgment on behalf of Plaintiff in the amount of $274,537.86. (Doc. Nos. 12, 13.) On December 3, 2004, Plaintiff filed a motion seeking attorneys' fees and costs pursuant to Rules 16(f) and 54(d)(2).

Several weeks later, Defendant's counsel entered its appearance.[1] (Doc. No. 15.) On

---

[1] It is not clear exactly when Defendant's outside counsel became involved in this action, although it appears Defendant's in-house counsel maintained responsibility for the case at least until default was entered.

December 14, 2004, the parties submitted a stipulation to afford Defendant a period of time to contest the entry of default judgment and to otherwise "attempt to negotiate an amicable resolution of this matter." (Doc. No. 16.) By order dated December 15, 2004, the Court approved the terms of the stipulation. (Doc. No. 17.) On January 10, 2005, Defendant filed a motion to set aside the entry of default judgment and seeking leave to file an answer to the complaint. (Doc. No. 18.) Thereafter, Plaintiff moved to strike Defendant's motion to set aside the default. (Doc. No. 23.)

In summary, the following motions – each of which of which were filed <u>after</u> entry of default in this case – have been fully briefed and are ripe for disposition: (1) Plaintiff's motion for attorneys' fees and costs (Doc. No. 14); (2) Defendant's motion to set aside the entry of default judgment and requesting leave to answer the complaint (Doc. No. 18); and (3) Plaintiff's motion to strike (Doc. No. 23). On March 11, 2005, the Court held a telephone conference with counsel for each party to discuss the pending motions and the current posture of the litigation.

## I.     Factual Background

Plaintiff asserts causes of action against Defendant for breach of contract and quantum meruit arising out of Defendant's alleged failure to pay Plaintiff under the terms of a payment bond provided by Defendant, as surety, and Eichelberger Construction, Inc. ("ECI"), as principal on a construction project for the Defense Distribution Center ("DDC") at the New Cumberland Army Depot. Plaintiff was one of ECI's subcontractor's on the project. In particular, ECI performed as the general prime contractor on the Underground Heat Distribution Project ("Project") for the Army Depot. (Doc. No. 18, Ex. 3, Aff. of Eichelberger, ¶ 2) ("Eichelberger Aff."). ECI entered into a subcontract agreement with Plaintiff, by which Plaintiff agreed to furnish and install the underground heat distribution system for

the Project.  (Eichelberger Aff., Ex. A.)  Pursuant to the subcontract, ECI would make payments to Plaintiff after receiving payment for the work from the DDC.  (Id., ¶ 1.)  ECI did not remit any payment to Plaintiff when DDC did not pay ECI for the services rendered.  (Eichelberger Aff., ¶ 5.)

Over the course of the project, disputes arose between Plaintiff and DDC regarding the scope and appropriateness of various services Plaintiff allegedly provided for the project.  (Eichelberger Aff., Ex. B.)  Plaintiff claimed that it incurred certain expenses for additional work that it purportedly performed on the Project.  These claims form the basis for Plaintiff's complaint against Defendant.  It is apparently undisputed that DDC has not paid Plaintiff for the additional claims, and DDC may in fact have questioned the appropriateness of the amounts Plaintiff claimed for the work.  (Id.)

**II.    Discussion**

**A.    Defendant's Motion to Set Aside Default**

Defendant moves the Court to set aside the default judgment entered in Plaintiff's favor, and for leave to file an answer to the complaint, claiming that (1) lifting the default would not prejudice Plaintiff; (2) Defendant has meritorious defenses to Plaintiff's claims; and (3) Defendant's conduct prior to the entry of default wa "excusable as a matter of law."  (Doc. No. 19, at 1.)  Plaintiff generally disputes each of these arguments.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."  Fed. R. Civ. P. 55(c).  Rule 60(b) authorizes a court to set aside default judgment "upon such terms as are just" for "mistake, inadvertence, surprise or excusable neglect" or "for any other reason justifying relief from the operation of the judgment."  Fed. R. Civ. P.

60(b).

In considering whether to exercise discretion in vacating a default under Rule 55(c), courts are to consider whether vacating the default will cause prejudice to the plaintiff, whether the defendant has proffered a meritorious defense, and the defendant's culpability in allowing the default to be entered. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982); Feliciano v. Reliant Tooling Co., LTD., 691 F.2d 653, 656 (3d Cir. 1982) (holding that three factors enumerated in Farnese applicable where default judgment has been entered).[2] The Third Circuit has emphasized that it does not favor defaults and that "in a close case doubts should be resolved in favor of setting aside the default and obtaining a decision on the merits." Farese, 687 F.2d at 764.

In order to establish prejudice sufficient to preclude a court from vacating a default judgment, a plaintiff must show its "ability to pursue [its] claim has been hindered since the entry of the default judgment by loss of evidence or otherwise." Feliciano, 691 F.2d at 657; see also Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987) (loss of relevant evidence may establish prejudice). In this case, the Court finds insufficient evidence to support a finding that Plaintiff will be unduly prejudiced by setting aside the default judgment entered in this case. Indeed, in Plaintiff's response to Defendant's motion to set aside the judgment, Plaintiff does not offer any substantial argument to support its claim that it would be prejudiced if the judgment is vacated. Instead, Plaintiff merely claims that to "allow a

---

[2] Plaintiff argues at some length regarding the distinction between entry of default and entry of default judgment, as well as the distinction between vacating the former and setting aside the latter. For purposes of this opinion, the distinctions are not relevant. Plaintiff concedes that the three-part test for setting aside a default is equally applicable to consideration of whether to vacate a default judgment. See Feliciano, 691 F.2d at 656.

defendant with such unclean hands to set aside a default judgment under the equitable principles of Rule 60(b) would have the effect of awarding FIC a second, unwarranted bite at the apple." (Doc. No. 24, at 13-14.) This assertion is irrelevant to the question of whether Plaintiff faces prejudice if the default judgment is vacated. The Court does not find that Defendant delayed unreasonably in moving the Court to vacate the default, and there is no indication that Plaintiff's ability to litigate this action has been compromised.[3] Finally, the Court notes that Defendant is a member of the Chubb Group of Insurance Companies, and the Court therefore does not find cause for concern over Plaintiff's ability to collect upon a judgment in the event Plaintiff prevails on the merits of this case.

With respect to the second consideration, the Court finds that Defendant has proffered meritorious defenses to Plaintiff's claims. A meritorious defense is one which, if proven at trial, will bar plaintiff's recovery. Emcasco, 834 F.2d at 74. The defendant is not required to prove that the defense proffered will necessarily prevail at trial, but is merely required to show that it has a defense to the action which as merit on its face. Id.

Defendant contends that the payment bond it issued in this case is governed by the Miller Act, 40 U.S.C. § 3131 et seq. The Miller Act requires claimants to file all payment bond claims within "one year after the day on which the last of the labor was performed or material was supplied." 40 U.S.C. § 3133(b)(4). Defendant has pointed the Court to cases holding that the failure to bring an action against

---

[3] In making this finding, however, the Court does not in any way suggest that it does not find Defendant to have been dilatory in allowing the default to occur in the first instance. As discussed below, the Court does find that Defendant was, at a minimum, negligent in its failure to participate at all in pretrial proceedings, and that this negligence has contributed substantially to the current posture of this action.

a surety within the one-year limitations period exempts the surety from liability.  See United States. ex rel. Flynn's Camden Elec. Supply Co. v. Home Indem. Ins. Co., 246 F. Supp. 27, 30 (E.D. Pa. 1965) (citing United States ex rel. Use of Soda v. Montgomery, 253 F.2d 509 (3d Cir. 1953)).  Defendant has further argued that the majority of courts have held that "remedial or corrective work or materials, or inspection of work already completed, falls outside the meaning of 'labor' or 'materials' under Section 270b(b)."[4]  United States ex rel. Interstate Mech. Contractors, Inc. v. Int'l Fidelity Ins. Co., 200 F.3d 456, 460 (6th Cir. 2000); see also United States ex rel. Billows Elec. Supply Co. v. E.J.T. Constr. Co., Inc., 517 F. Supp. 1178, 1181 (E.D. Pa. 1981), aff'd, 688 F.2d 827 (3d Cir. 1982), cert. denied, 459 U.S. 856 (1982).  Accordingly, Defendant argues that Plaintiff's alleged performance of "additional work" does not toll the Miller Act's one-year statute of limitations and it should be exempt Defendant from liability for Plaintiff's claims under the payment bond.  Additionally, Defendant claims that it is entitled to assert any defenses available to its principal, and further contends that the need for an accounting constitutes a meritorious defense for the purposes of vacating a default judgment.  NuMed Rehabilitation, Inc. v. TNS Nursing Homes of Pa., 187 F.R.D. 222, 224 (E.D. Pa. 1999).  On the basis of this proffer, the Court finds that Defendant has adequately demonstrated the existence of meritorious defenses to the action.

  Finally, the Court must evaluate Defendant's own culpability in allowing the default judgment to be entered in this case.  Courts have held that only willful or "flagrant bad faith" conduct is sufficient to preclude setting aside a default judgment.  Emcasco, 834 F.2d at 75 (citations omitted) (holding that

---

[4] The Miller Act was formerly codified at 40 U.S.C. § 270a et seq. and was recodified as 40 U.S.C. § 3131 et seq. in 2002.

defendant's inexcusable neglect and delinquency did not constitute "flagrant bad faith" necessary to deny setting aside default).  Defendant asserts that its conduct in this case was neither willful nor in flagrant bad faith.

In support of this position, Defendant notes that it took initiative to advise Plaintiff's initial counsel, Powell Trachtman Logan Carrle & Bowman LLP ("Powell Trachtman"), regarding an "obvious conflict of interest" posed by the firm's representation of Plaintiff, as well as its defense that the Miller Act's statute of limitations barred Plaintiff's claims.  (Doc. No. 18, Ex. 2, Aff. of Ellen M. Cavallaro, ¶ 6) ("Cavallaro Aff.").  According to Ellen Cavallaro, Defendant's in-house counsel, Powell Trachtman informed Defendant "that it need not file any response to the Complaint."  (Id., ¶ 10.)  Aside from attorney Cavallaro's representation, Defendant has provided no documentation to support its claim that Plaintiff's counsel agreed to an open-ended extension of time to answer or otherwise respond to the complaint in this case.  Plaintiff's substitute counsel, Susan M. Zeamer of Smigel, Anderson & Sacks, has submitted an affidavit in which she attests that she was not advised of an alleged extension to answer the complaint until Defendant's current outside counsel entered its appearance in December 2004.  (Doc. No. 24, Ex. A, Aff. of Susan M. Zeamer, ¶¶ 10, 11) ("Zeamer Aff.").  Attorney Zeamer found no documentation regarding the alleged extension, and attests that attorney Kelly Decker of Powell Trachtman "unequivocally denied that an extension had been offered, requested, or granted." (Id., ¶¶ 12, 13-14.)  Moreover, attorney Decker allegedly informed attorney Zeamer that had Powell Trachtman agreed to an extension, its terms would have been memorialized in writing.  (Id., ¶ 15.) Finally, attorney Zeamer attested that Defendant at no time sought to renew or confirm the purported extension with Plaintiff's substitute counsel.  (Id., ¶ 16.)  According to attorney Cavallaro, Plaintiff's

counsel never advised her that it would request entry of default judgment, and that she learned about such action only after Plaintiff filed its motion. (Cavallaro Aff., ¶ 20-21.)

Although the parties clearly disagree about the procedural history of this case, and about what agreements may or may not have been entered into regarding Defendant's obligation to answer or otherwise respond to the complaint and participate even minimally in the pretrial litigation, the Court cannot find that Defendant's conduct was willful or in flagrant bad faith. Defendant clearly was negligent in failing to memorialize its purported agreements with Plaintiff's counsel, and in seemingly disregarding its obligation to, at minimum, notice its appearance in the litigation. The Court finds that by failing to comply with the most basic obligations of civil procedure (including, without limitation, to participate in preparing a joint case management plan), or to document alleged agreements to suspend or disregard such obligations, Defendant has contributed substantially – and unnecessarily – to the current posture of this case. Nevertheless, the Court does not conclude that Defendant's inattention to this matter constitutes the sort of willful or flagrant conduct necessary to preclude vacation of the default judgment.

For the foregoing reasons, the Court will grant Defendant's motion to set aside the default judgment and will grant Defendant leave to answer the complaint. Accordingly, Plaintiff's motion to strike (Doc. No. 23) will be denied as moot.

### B. Plaintiff's Motion for Attorneys' Fees and Costs

Plaintiff has moved the Court to sanction Defendant with fees and costs pursuant to Rules 16(f) and 54(d)(2) of the Federal Rules of Civil Procedure for "frivolously requiring this litigation to be brought and then failing to defend, including its failure to adhere to this Court's Order setting the

scheduling conference and setting a due date for the Joint Case Management Plan[.]" (Doc. No. 21, at 4.) Defendant objects to this request, contending that it has committed no act or omission sufficient to justify sanctions, and further alleging that it is Plaintiff that has violated Local Rule 16.3 and caused unnecessary delay in this litigation.

     Rule 16(f) provides as follows:

> If a party or party's attorney fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference, or if a party or party's attorney is substantially unprepared to participate in the conference, or if a party or party's attorney fails to participate in good faith, the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f). Attorneys' fees imposed as a sanction under Rule 16(f) are "limited to those fees incurred as a result of the Rule violation." Chambers v. NASCO, Inc., 501 U.S. 32, 43 n.8 (1991). Where a court finds that Rule 16(f) has been violated, the court "must award fees." Id.

     Notwithstanding the dilatoriness Plaintiff's initial counsel exhibited with respect to this case prior to withdrawing in the fall of 2004, the Court concludes that Defendant unreasonably failed to take any action with respect to its obligation to assist in the preparation of a joint case management plan. Defendant's in-house counsel, Ellen Caravallo, complains that no one contacted her about preparing a case management plan. (Cavallaro Aff., ¶ 18.) However, it appears undisputed that attorney

Caravallo was aware of an impending joint case management deadline and scheduling conference as early as November 2, 2004, as she concurred in Plaintiff's request to extend these deadlines. (Doc. No. 7; Caravallo Aff., ¶ 14.) It is difficult to understand how attorney Caravallo can reasonably complain that she was entirely unaware of Defendant's obligations to participate in preparing a case management plan when she concurred in seeking an extension of deadlines associated with this obligation and was provided a copy of Plaintiff's motion for a continuance. Furthermore, attorney Caravallo received Plaintiff's proposed case management plan (which Plaintiff prepared without Defendant's assistance) on November 17, 2004. (Caravallo Aff., ¶ 17.) Nothing in attorney Caravallo's affidavit suggests that she took any action whatsoever after receiving this document. Instead, attorney Caravallo complains that she was not contacted regarding various pretrial obligations:

> 26. No one ever contacted me to discuss a proposed discovery plan for this case.
>
> 27. No one ever contacted me to discuss any initial disclosures for discovery for this case.
>
> 28. No one ever contacted me to request that Federal file any response to the complaint.
>
> 29. No one ever indicated that B.K. Engineers would try to enter a default judgment against Federal.

(Id., ¶¶ 26-29.) Attorney Caravallo's contention that she was never contacted regarding these matters is contradicted by attorney Zeamer's testimony that she attempted to call attorney Caravallo subsequent to filing the motion to continue the case management deadlines, but that her calls were neither received nor returned.[5] (Zeamer Aff., ¶ 5.) On the basis of these conflicting representations,

---

[5] Defendant seeks to discredit attorney Zeamer's sworn declaration regarding her efforts to contact Caravallo by complaining that Plaintiff has not produced any telephone records to

together with the uncontroverted fact that attorney Caravallo was made aware of the case management

deadlines and the parties' joint obligations in connection therewith, the Court finds that Defendant's

failure to participate to be seriously negligent and grounds for sanctions under Rule 16(f).  To the extent

Plaintiff seeks additional costs pursuant to Rule 54(d)(2), the Court finds that request unwarranted and

it is summarily denied.  An appropriate order follows this opinion.

---

demonstrate that the calls were, in fact, made.  The Court does not credit this argument.

**III.	Order**

**AND NOW**, this 13th day of June 2005, for the reasons set forth in the within memorandum,

**IT IS HEREBY ORDERED THAT:**

1.  Defendant's Motion to Set Aside Default Judgment and for Leave to File an Answer to the Complaint (Doc. No. 18) is **GRANTED**.

2.  Plaintiff's Motion to Strike (Doc. No. 23) is **DENIED**.

3.  Plaintiff's First Motion for Attorneys' Fees and Costs Pursuant to Rules 16(f) and 54(d)(2) (Doc. No. 14) is **GRANTED** in part.  The Court finds that Defendant's failure to participate in the preparation of a joint case management plan as ordered by this Court on October 7, 2004 and on November 3, 2004 to be sanctionable pursuant to Rule 16(f) of the Federal Rules of Civil Procedure.  Within twenty days from the date of this Order, Plaintiff shall file with the Court and serve upon Defendant an affidavit of the costs (including attorneys' fees) incurred in the preparation of its proposed case management plan filed with the Court on November 17, 2004.  Thereafter, Defendant shall file any objections to such costs within ten days from the date on which such costs are filed.  After the Court has reviewed Plaintiff's affidavit of costs and Defendant's objections (if any) thereto, the Court will direct Defendant to pay Plaintiff such sanctions as the Court finds appropriate.  To the extent Plaintiff seeks costs under Rule 54(d)(2), that request is **DENIED**.

S/ Yvette Kane
Yvette Kane
United States District Judge
